**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| U.S. Ethernet Innovations, LLC,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | Civil Action No. 6:12-cv-366 |
| v.    ) | |
| ) | |
| Cirrus Logic, Inc.; Yamaha Corporation of    ) | **JURY TRIAL DEMANDED** |
| America; Control4 Corporation,    ) | |
| ) | |
| Defendants.    ) | |
| ) | |
| _____    ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, U.S. Ethernet Innovations, LLC ("USEI"), hereby makes and files this

Complaint for patent infringement against Defendants Cirrus Logic, Inc.; Yamaha Corporation

of America; and Control4 Corporation (collectively, "Defendants"), respectfully showing the

Court as follows:

## NATURE OF THE ACTION

1.    Plaintiff USEI is a Tyler, Texas-based company that is the successor-in-interest to

3Com Corporation's Ethernet business, based on fundamental Ethernet technology developed by

3Com in the 1990s.  USEI owns United States Patent Nos. 5,732,094 (the "'094 Patent"),

5,434,872 (the "'872 Patent"), 5,307,459 (the "'459 Patent"), and 5,530,874 (the "'874 Patent").

2.    Defendants have made, used, imported, and/or sold and/or continue to make, use,

import, and/or sell the technology claimed by the '094 Patent, the '872 Patent, the '459 Patent,

and the '874 Patent (collectively, the "Patents-in-Suit") in systems and methods without USEI's

permission.

3.    Plaintiff USEI seeks damages for Defendants' infringement of the Patents-in-Suit.

## PARTIES

4.      Plaintiff USEI is a Texas limited liability corporation.  USEI's principal place of business is in Tyler, Texas.

5.      On information and belief, Cirrus Logic, Inc. ("Cirrus") is organized and existing under the laws of the State of Delaware, with a principal place of business at 2901 Via Fortuna, Austin, Texas 78746-7574.  Cirrus can be served with process through its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

6.      On information and belief, Yamaha Corporation of America ("Yamaha") is organized and existing under the laws of the State of California, with a principal place of business at 660 Orangethorpe Avenue, Buena Park, CA 90620.  Yamaha can be served with process through its registered agent, CSC Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

7.      On information and belief, Control4 Corporation ("Control4") is organized and existing under the laws of the State of Delaware, with a principal place of business at 11734 S. Election Road, Suite 200, Draper, UT 84020.  Control4 can be served with process through its registered agent, Will West, 11734 S. Election Road, Suite 200, Draper, UT 84020.

## JURISDICTION AND VENUE

8.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*

9.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.     Venue is proper in this judicial district because Defendants are corporations subject to personal jurisdiction in this judicial district, 28 U.S.C. §§ 1391(b)-(c).

11.     Defendants are subject to this Court's specific and general personal jurisdiction consistent with the principles of due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (1) a portion of the infringements alleged herein, including making, using, importing, selling, and/or offering to sell products and systems that infringe the claims of the Patents-in-Suit; (2) the presence of established distribution channels in this forum; and/or (3) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

## PATENTS-IN-SUIT

12.     The '094 Patent, entitled "Method for Automatic Initiation of Data Transmission," was duly and legally issued on March 24, 1998 by the U.S. Patent and Trademark Office to 3Com Corporation, the assignee of the named inventors Brian Petersen, David R. Brown, and W. Paul Sherer.  A true and correct copy of the '094 Patent is attached hereto as Exhibit A.

13.     The '872 Patent, entitled "Apparatus for Automatic Initiation of Data Transmission," was duly and legally issued on July 18, 1995 by the U.S. Patent and Trademark Office to 3Com Corporation, the assignee of the named inventors Brian Petersen, David R. Brown, and W. Paul Sherer.  A true and correct copy of the '872 Patent is attached hereto as Exhibit B.

14.     The '459 Patent, entitled "Network Adapter with Host Indication Optimization," was duly and legally issued on April 26, 1994 by the U.S. Patent and Trademark Office to 3Com Corporation, the assignee of the named inventors Brian Petersen, W. Paul Sherer, David R. Brown, and Lai-Chin Lo.  A true and correct copy of the '459 Patent is attached hereto as Exhibit C.

15.     The '874 Patent, entitled "Network Adapter with an Indication Signal Mask and an Interrupt Signal Mask," was duly and legally issued on June 25, 1996 by the U.S. Patent and Trademark Office to 3Com Corporation, the assignee of the named inventors Scott A. Emery, Brian

Petersen, and W. Paul Sherer.  A true and correct copy of the '874 Patent is attached hereto as Exhibit D.

16.     USEI is the sole owner of the entire right, title, and interest in the Patents-in-Suit by virtue of assignment, including all rights necessary to prosecute this case and collect all damages, past, present and future, resulting from Defendants' infringement.

## ACCUSED PRODUCTS

17.     Yamaha imports, makes, uses, offers for sale, and/or sells certain products and devices which embody one or more claims of the Patents-in-Suit, including, without limitation, products employing Ethernet technology similar to that found in Yamaha network home theater systems, for example the Yamaha RX-N600 network home theater receiver and/or the Yamaha RX-V2700 (collectively, the "Yamaha Accused Products").

18.     Control4 imports, makes, uses, offers for sale, and/or sells certain products and devices which embody one or more claims of the Patents-in-Suit, including, without limitation, products employing Ethernet technology similar to that found in Control4 network home theater and media control systems, for example the Control4 Home Theater Controller and/or the Control4 Media Controller (collectively, the "Control4 Accused Products").

19.     Cirrus imports, makes, uses, offers for sale, and/or sells certain products and devices which embody one or more claims of the Patents-in-Suit either alone or functionally integrated into host systems (such as one or more of the Yamaha Accused Products and/or the Control4 Accused Products) including, without limitation, products employing Ethernet technology similar to that found in the Cirrus Logic EP9301 and/or EP9307 System-on-Chips (collectively, the "Cirrus Accused Products").

## COUNT I

## <u>INFRINGEMENT OF U.S. PATENT NO. 5,732,094</u>

20.     USEI restates and realleges the allegations set forth in the foregoing paragraphs of this Complaint and incorporates them by reference.

21.     Without a license or permission from USEI, Defendants have infringed and continue to infringe one or more claims of the '094 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. § 271.

22.     Defendants directly contribute and induce infringement through supplying infringing systems and components to Defendants' customers.  Defendants' customers who purchase systems and components thereof and operate such systems and components thereof in accordance with Defendants' instructions directly infringe one or more claims of the '094 Patent, in violation of 35 U.S.C. § 271.

23.     The acts of infringement of the '094 Patent by Defendants have caused damage to USEI, and USEI is entitled to recover from Defendants the damages sustained by USEI as a result of the wrongful acts of Defendants in an amount subject to proof at trial.  The infringement of USEI's exclusive rights under the '094 Patent by Defendants will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

24.     Defendants have had actual or constructive knowledge of the '094 Patent, yet continue to infringe said patent.  The infringement of the '094 Patent by Defendants is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 5,434,872

25.     USEI restates and realleges the allegations set forth in the foregoing paragraphs of this Complaint and incorporates them by reference.

26.     Without a license or permission from USEI, Defendants have infringed and continue to infringe one or more claims of the '872 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. § 271.

27.     Defendants directly contribute and induce infringement through supplying infringing systems and components to Defendants' customers.  Defendants' customers who purchase systems and components thereof and operate such systems and components thereof in accordance with Defendants' instructions directly infringe one or more claims of the '872 Patent, in violation of 35 U.S.C. § 271.

28.     The acts of infringement of the '872 Patent by Defendants have caused damage to USEI, and USEI is entitled to recover from Defendants the damages sustained by USEI as a result of the wrongful acts of Defendants in an amount subject to proof at trial.  The infringement of USEI's exclusive rights under the '872 Patent by Defendants will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

29.     Defendants have had actual or constructive knowledge of the '872 Patent, yet continue to infringe said patent.  The infringement of the '872 Patent by Defendants is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 5,307,459

30.     USEI restates and realleges the allegations set forth in the foregoing paragraphs of this Complaint and incorporates them by reference.

31.     Without a license or permission from USEI, Defendants have infringed and continue to infringe one or more claims of the '459 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. § 271.

32.     Defendants directly contribute and induce infringement through supplying infringing systems and components to Defendants' customers.  Defendants' customers who purchase systems and components thereof and operate such systems and components thereof in accordance with Defendants' instructions directly infringe one or more claims of the '459 Patent, in violation of 35 U.S.C. § 271.

33.     The acts of infringement of the '459 Patent by Defendants have caused damage to USEI, and USEI is entitled to recover from Defendants the damages sustained by USEI as a result of the wrongful acts of Defendants in an amount subject to proof at trial.  The infringement of USEI's exclusive rights under the '459 Patent by Defendants will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

34.     Defendants have had actual or constructive knowledge of the '459 Patent, yet continue to infringe said patent.  The infringement of the '459 Patent by Defendants is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 5,530,874

35.     USEI restates and realleges the allegations set forth in the foregoing paragraphs of this Complaint and incorporates them by reference.

36.     Without a license or permission from USEI, Defendants have infringed and continue to infringe one or more claims of the '874 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. § 271.

37.     Defendants directly contribute and induce infringement through supplying infringing systems and components to Defendants' customers.  Defendants' customers who purchase systems and components thereof and operate such systems and components thereof in accordance with Defendants' instructions directly infringe one or more claims of the '874 Patent, in violation of 35 U.S.C. § 271.

38.     The acts of infringement of the '874 Patent by Defendants have caused damage to USEI, and USEI is entitled to recover from Defendants the damages sustained by USEI as a result of the wrongful acts of Defendants in an amount subject to proof at trial.  The infringement of USEI's exclusive rights under the '874 Patent by Defendants will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

39.     Defendants have had actual or constructive knowledge of the '874 Patent, yet continue to infringe said patent.  The infringement of the '874 Patent by Defendants is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, USEI prays for the following relief against Defendants:

A.      A judgment that Defendants, and each of them, have directly infringed the '094 Patent, the '872 Patent, the '459 Patent, and/or the '874 Patent; contributorily infringed the '094 Patent, the '872 Patent, the '459 Patent, and/or the '874 Patent; and/or induced infringement of the '094 Patent, the '872 Patent, the '459 Patent, and/or the '874 Patent;

B.      An award of all damages recoverable under the laws of the United States and the laws of the State of Texas in an amount to be proven at trial;

C.      An award of treble damages pursuant to 35 U.S.C. § 284 against Defendants, and each of them, as a result of Defendants' willful infringement;

D.      A preliminary, and thereafter permanent, injunction enjoining and restraining Defendants, their officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '094 Patent, as set forth herein;

E.      A preliminary, and thereafter permanent, injunction enjoining and restraining Defendants, their officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '872 Patent, as set forth herein;

F.      A preliminary, and thereafter permanent, injunction enjoining and restraining Defendants, their officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '459 Patent, as set forth herein;

G.      A preliminary, and thereafter permanent, injunction enjoining and restraining Defendants, their officers, directors, agents, servants, employees, attorneys, and all others acting

under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '874 Patent, as set forth herein;

H.      A judgment and order requiring Defendants, and each of them, to pay USEI pre-judgment and post-judgment interest on the full amounts of the damages awarded;

I.      A judgment requiring Defendants, and each of them, to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285, with prejudgment interest; and

J.      Such other and further relief as this Court may deem just and equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands that all issues so triable be determined by a jury.

Respectfully submitted, this 4th day of June, 2012.

ROBBINS GELLER RUDMAN
  & DOWD LLP


/s/ John C. Herman (w/permission Wesley Hill)
John C. Herman – LEAD ATTORNEY
Ryan K. Walsh
Peter M. Jones
David L. Gann
3424 Peachtree Street, N.E.
Monarch Centre, Suite 1650
Atlanta, Georgia 30326
(404) 504-6500 (telephone)
(404) 504-6501 (facsimile)
jherman@rgrdlaw.com
rwalsh@rgrdlaw.com
pjones@rgrdlaw.com
dgann@rgrdlaw.com

WARD & SMITH LAW FIRM
T. John Ward, Jr.
(State Bar No. 00794818)
Wesley Hill
(State Bar No. 24032294)
P. O. Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
jw@wsfirm.com
wh@wsfirm.com

Attorneys for Plaintiff
U.S. Ethernet Innovations, LLC